**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**MITCHELL WINE**                                                                          **PLAINTIFF**

**v.**                                          **Case No. 4:26-cv-00051-KGB**

**U.S. DEPARTMENT OF
THE INTERIOR,** *et al.*                                                      **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Mitchell Wine's motion for Court permission to file electronically (Dkt. No. 3).  Wine requests permission to file electronically using the PACER system (*Id.*).  Wine represents that he currently has a PACER account, has previously taken online training for the system, and regularly uses PACER in federal court (*Id.*).  Under Local Rule 5.1 of the Local Rules for the Eastern and Western Districts of Arkansas, "a person not represented by an attorney is generally not allowed to electronically file and must submit paper for filing." Because Wine does not appear to be a lawyer licensed or granted specific permission to practice in this Court and is proceeding *pro se*, the Court denies the motion for permission to file electronically (Dkt. No. 3).

Lastly, because Wine is proceeding *pro se*, that is, without the help of a lawyer, the Court provides this guidance applicable to all cases pending in this Court.  Wine must follow the following rules and procedures to proceed with his lawsuit, even though Wine is not a lawyer.

**First:  Follow All Court Rules.**  Wine must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern and Western District of Arkansas.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like Wine, who are not represented by a lawyer:

1.      Wine must promptly notify the Clerk and the other parties in the case of any change in address.  If Wine does not keep the Court informed as to Wine's current address, the lawsuit can be dismissed.

2.      Wine must monitor the progress of the case and prosecute the case diligently.

3.      Wine must sign all pleadings and other papers filed with the Court, and each paper Wine files must include a current address.

4.      If Wine fails to respond timely to a Court Order directing action on Wine's part, the case may be dismissed, without prejudice.

**Second:  No Right to Appointed Counsel.**  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.  If the case proceeds to a jury trial, however, a lawyer will be appointed to assist Wine before trial.

**Third:   Do Not File Your Discovery Requests.**  Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court.  Instead, discovery requests should be sent to counsel for the defendant or directly to the defendant if the defendant is not represented by a lawyer.  No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Fourth:  Do Not Send Documents to Court Except in Two Situations.**  Wine may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment or if the Court orders Wine to send documents or other evidence.

**Fifth:  Provide a Witness List.**  If Wine's case is set for trial, *as that trial date approaches*, Wine will be asked to provide a witness list.  After reviewing the witness list, the Court will subpoena necessary witnesses.

For the foregoing reasons, the Court denies Wine's motion for permission to file electronically (Dkt. No. 3).

It is so ordered this 23rd day of January, 2026.

_____
Kristine G. Baker
Chief United States District Judge