UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

2026 MAR 25  A 9 44

TAMMY H DOWNS

**MITCHELL WINE**
*101 Newnata Cutoff*
*Mountain View, Arkansas 72560*

**PLAINTIFF**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 5 2026

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

VS.            **CIVIL ACTION NO: 4:26-cv-51-KGB**

**U.S. DEPARTMENT OF THE INTERIOR** *et al.*            **DEFENDANTS**

### PLAINTIFF'S RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS AND REPLY TO STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DECLARATORY/INJUNCTIVE RELIEF, AND PLAINTIFF'S RESPONSE TO SEPARATE DEFENDANT MATTHEW CAMPBELL'S MOTION TO DISMISS

Plaintiff first points out to the court that each of the defendants in this matter are inextricably intertwined and linked to one another via malicious prosecutions against Plaintiff that began with Pulaski County case 60CR-20-4204 and Saline County case 63CR-21-700 (and their progeny)[1]. These malicious prosecutions caused Plaintiff to be unlawfully arrested and imprisoned beginning in September 2020 and culminating in multiple prison sentences for which Plaintiff spent nearly all of 2023 in county jail and state prison.

Plaintiff remains on parole and unlawfully in state custody, and Defendants are united in conspiracy to deny Plaintiff's right to discover the contents of the unlawfully redacted email(s) attached to his original complaint that describes attempted homicide by cop at Plaintiff's private residence on December 14, 2017. Plaintiff's injuries from the home invasion are well documented via a federal agency-approved medical professional. If there is any question in the court's mind regarding the emotional and physical toll that results from such lawlessness and subsequent years-long malicious prosecution and unlawful imprisonment of Plaintiff, the records can be produced to

---

[1] All cases are publicly accessible via Court Connect: https://caseinfo.arcourts.gov/opad
*Case 63CR-21-700 is not publicly available as it has been unlawfully sealed to conceal Defendant misconduct.

1

the court.

State Defendants failed to demonstrate Plaintiff's writ of *habeas corpus* is not properly before this court as the state courts are refusing to adjudicate motions for declaratory judgment and writ of error *coram nobis* in 60CR-20-4204 and refusing to reinvest jurisdiction in the lower court for 63CR-23-122 to hear a writ of error *coram nobis*. State (and federal) Defendants are engaged in fraudulent concealment in an attempt to defeat Plaintiff's claims and further subject him to malicious prosecution. It is clear that the state of Arkansas and its various employees are depriving Plaintiff of his constitutional rights as described in his original complaint.

As further evidence of a state conspiracy against Plaintiff, Plaintiff refers the court to state civil case 69CV-20-67 that was dismissed without a jury trial, and that was mentioned by state Defendants in their motion to dismiss. Plaintiff was unlawfully sentenced to jail in that case for alleged indirect criminal contempt of court, which is only punishable by the state legislature. Plaintiff's claims were dismissed without prejudice in that case and when Plaintiff attempted to appeal the verdict, the court clerk withheld the certified record beyond the 90-day deadline for Plaintiff to lodge the appeal.

Plaintiff only recently learned that the court clerk in 69CV-20-67 provided a partial record to state attorneys within two days of their request so they could lodge an appeal in Plaintiff's name to have it dismissed. The Arkansas Supreme Court should not have entertained the partial record in appeal CV-21-451beyond the filing deadline, but it not only did that but also allowed an addendum (partial certified record; ADD 17) to the motion to dismiss that shows a file mark date of August 12, 2021, in the lower court, but no such filing exists on that date in 69CV-20-67. To clarify, the lower court clerk denied Plaintiff the certified record for more than 90 days and then provided a partial certified record to state attorneys within two days of their request, and then purposely

2

withheld the partial record from the lower court docket to deny Plaintiff's ability to contest it.

Plaintiff's repeated requests to Attorney General Tim Griffin and his staff for a copy of the partial record have been unanswered. Evidence of record indicates the conspiracy against Plaintiff extends from a lowly court clerk in one of the poorest counties of Arkansas to the Arkansas Supreme Court, that unlawfully appointed Defendant Judge Charles Yeargan to adjudicate Plaintiff's Saline County cases that were maliciously commenced by Defendant Richard Chris Madison without probable cause and using a falsified warrant of arrest. Defendant Brent Houston knew the warrant was falsified in 63CR-21-700 and that case was eventually dismissed and unlawfully sealed by Defendant Tim Griffin's office in conspiracy with Defendants Brian Clary and Chris Walton but not before it morphed into 63CR-23-122.

Further, the state unlawfully sealed Saline County case 63CR-21-700 after Judge Charles Yeargan was informed by the Arkansas Administrative Office of Courts that he lacked jurisdiction in the case because it was unlawfully transferred from district court to circuit court without a bench trial and without disposition. This also occurred in LRCR-22-1285 where charges related to Defendant Matthew Campbell were unlawfully transferred from district to circuit court case 60CR-20-4204 without a bench trial or disposition. Defendant Campbell conspired with other defendants in 63CR-21-700, LRCR-22-1285, and 60CR-20-4204 to maliciously prosecute Plaintiff and unlawfully imprison him while bearing false witness against Plaintiff.

Defendant Matthew Campbell is a morally and financially bankrupt former attorney who has been sanctioned by the courts for unethical conduct and sued by former clients and creditors. Mr. Campbell is a provable liar when he falsely claims Plaintiff threatened his daughter in any way and he should be sanctioned for making a false pleading in that respect within his motion to dismiss brief. The biggest threat to Matthew Campbell and his family is Matthew Campbell himself, as he

3

is nothing more than a pitiful miscreant who cannot pay his own debts. Plaintiff has never been constrained from contacting Campbell relative to any "no contact" order from 60CR-20-4204 and LRCR-25-3362 was commenced by Campbell with the help of Defendant Judge Milas Hale and Will Jones without probable cause.

The aforementioned case (-3362) ended in Plaintiff's favor, was commenced without probable cause, and caused harm as described in Plaintiff's original complaint, thus this is textbook malicious prosecution for which Campbell is liable separate from his $5,000 liability to Plaintiff related to his deceptive practices. Plaintiff was denied early release from parole as a direct result of the malicious prosecution commenced by Defendant Campbell, and this was accomplished when state Defendant Jana Pinkston falsified Plaintiff's Ohio Risk Assessment Score and falsely accused and punished Plaintiff for alleged violation of federal law, *inter alia*. Multiple arrest warrants were also issued for Plaintiff as a result of Defendant Campbell's malicious actions in 60CR-20-4204, 63CR-21-700, and LRCR-25-3362 among others.

Plaintiff can easily prove Defendant Campbell filed false police reports to have Plaintiff arrested/imprisoned and Plaintiff has recently filed a police incident report to have Defendant Campbell arrested. It is certain that such an action will require filing a citizen's complaint with Defendant Will Jones' office to enact the arrest, but enacting the arrest would place Defendant Jones in further legal peril within this civil action. Thus, it is clear that the conspiracy described by Plaintiff continues to deprive Plaintiff of his remedies at law for both criminal and civil matters. Plaintiff challenges defendants and this court to point out any crime committed by Plaintiff in any of the named cases as they will not be able to do so. Plaintiff admits he used unsavory language to dress down Defendant Brent Houston for his unlawful actions, but nowhere did Plaintiff threaten to injure Houston in any way.

Plaintiff reminds the court he has challenged the constitutionality of the state's Harassing

4

Communications law and has demanded his rights under the federal Crime Victims' Rights Act, in addition to his other claims. There has been no cogent argument by any defendant thus far related to these claims and the court has failed to act thus far. It is beyond clear that if the judges in this matter acted in the clear absence of jurisdiction, then Plaintiff has stated a claim upon which relief can be granted.

Attorney General Tim Griffin has advanced a sophomoric argument claiming that a judge acting in the clear absence of jurisdiction would somehow be entitled to immunity from civil suit under the "grave procedural error" doctrine. However, in this instance the judges knew they were operating in the absence of jurisdiction in every single court Plaintiff was brought before as they all refused to adjudicate Plaintiff motions related to jurisdiction and they all conspired along with prosecutors and federal defendants to deny Plaintiff's access to the unlawfully redacted documents attached to his original complaint to facilitate their unlawful behavior and deprive Plaintiff of defenses.

Because state Defendants and Defendant Campbell have misstated Plaintiff's claims within their filings, it is difficult for Plaintiff to know what issues require further clarification for the court. Plaintiff requests additional time to respond to any matters where the court requires further clarification. Plaintiff vehemently objects to any defendant argument(s) that his claims are abusive or malicious in any way, and given the details herein requests that the court sanction state Defendants and Defendant Campbell by requiring them to file an answer to Plaintiff's claims so that factual elements are better briefed before the court. Fraudulent concealment by Defendants ensures statutes of limitation are not applicable to this case, this court has subject matter jurisdiction, and Plaintiff has clearly articulated claims upon which relief can be granted.

*Reply to State Defendants' Response to Plaintiff's Motion for Declaratory/Injunctive Relief*

State Defendants' response to Plaintiff's Motion for Declaratory/Injunctive Relief amounts to nothing more than "legal puffery" and gibberish that could have been rattled out by any subpar artificial intelligence program fed by a drunken college freshman. The outlandishly unsupported claim that Plaintiff has not experienced irreparable harm and currently faces no such threat is belied by the fact the state is doing everything in its power through named Defendants in this matter to reimprison Plaintiff under false pretenses. State Defendants are especially motivated by their employer to ensure the unlawfully redacted documents (Attachment A of original complaint) describing attempted homicide by cop of Plaintiff at his private residence are not publicly divulged.

The only possible way for this court to ascertain the true extent of the conspiracy against Plaintiff is to demand the aforementioned document be produced without redaction immediately. There is no other way to fully evaluate Plaintiff's claim under the Crime Victims' Rights Act and federal laws detailed in his complaint without disclosure of the contents of the unlawfully redacted document(s). Fraudulent concealment of the document(s) by state Defendants in conspiracy with federal Defendants is criminal in nature and only made possible by miscreant scofflaws abusing their publicly funded positions and acting in the absence of any jurisdiction whatsoever in reprisal against Plaintiff.

Furthermore, state Defendants' absurd claim that Plaintiff lacks standing to request that Defendants Milas Hale, Will Jones, and Jay Shue be directed by this court to make mandatory reports of child rape related to state employee Darren Waddles is vomit inducing. The state Defendants do not deny the rape occurred and produced a child, and they do not deny the state is protecting Waddles from prosecution whilst maliciously prosecuting Plaintiff for attempting to bring Waddles to justice due to his conspiracy with Richard Chris Madison to harass and intimidate

6

Plaintiff in his former duties as election commissioner in Stone County, Arkansas. It is unconscionable that state Defendants (to include Governor Sarah Sanders) are playing the role of pedophile protectors in plain view against the peace and dignity of the state of Arkansas.

And Plaintiff points out to the court that Defendant Chris Madison is not a prosecutor despite his wildest fantasies of occupying such a position, thus he is not entitled to prosecutorial immunity. It is not lost on Plaintiff that Defendants Madison and Campbell (and others) have described Plaintiff's claims as puerile (*i.e.* childishly silly), when any number of these Defendants would sob like infants with soiled diapers if confronted with the prison experience they unlawfully and maliciously heaved upon Plaintiff to conceal their own criminal behavior. Defendants Madison and Campbell acted especially depraved during their malicious actions targeting Plaintiff, and both of these morally compromised miscreants provide no cogent defense related to the charged behavior against them.

Finally, Plaintiff was recently informed that state attorney John Marks of the Arkansas Game and Fish Commission publicly slandered and defamed Plaintiff by referring to Plaintiff's ongoing litigation against state Defendants/attorneys as "badger[ing]" and deserving of court sanction[2]. This blatant attack was based primarily upon cases 69CV-20-67 and CV-21-451 wherein, as demonstrated by Plaintiff's arguments, the state committed fraud to defeat Plaintiff's legal claims and thus the claims within that lawsuit are still actionable. This unfounded defamation is meant to "poison the well" publicly in order to defeat Plaintiff's legitimate claims. Please note that Mr. Marks admits there will be no likely mechanism to recoup legal expenses as he is aware Plaintiff's claims are meritorious.

A gag order should be instituted by this court to prevent further disclosure of such unfounded accusations targeting Plaintiff during pendency of legal proceedings. It is a fact

---

[2] https://www.youtube.com/watch?v=BjIPR3jjNZc&list=PL3rIRKv4Y6n676ATAatl-wVUhlFx5eu_k&index=2
*See video above at 2:50:00 for remarks related to Plaintiff.

Plaintiff's previous lawsuits have been dismissed WITHOUT PREJUDICE to refiling and state Defendants have not come close to overcoming their burden of proof as it pertains to refuting that fact which could be dispositive in this matter, yet they speak publicly as if they have surmounted this legal hurdle referencing a state-level civil suit wherein they committed blatant fraud upon the court.

For all reasons detailed herein, Defendants' motions to dismiss should be denied and appropriate relief provided to Plaintiff in accordance with state and federal law. Plaintiff requests an oral hearing before the court if further clarification of issues is required. Plaintiff again requests this court sanction Defendants and require a full answer to his complaint if such information would benefit the court in its analysis of issues at bar in the instant proceeding.

Respectfully submitted,

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing was mailed to the court on March 23, 2026, and will be served upon relevant parties via the court's electronic filing system.

8