**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 01 2026

TAMMY H. DOWNS, CLERK
By:
DEP CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**MITCHELL WINE**
*101 Newnata Cutoff*
*Mountain View, Arkansas 72560*                                      **PLAINTIFF**

VS.            **CIVIL ACTION NO: 4:26-cv-51-KGB**

**U.S. DEPARTMENT OF THE INTERIOR** *et al.*                  **DEFENDANTS**

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS BRENT HOUSTON, CHARLES YEARGAN, RICHARD CHRIS MADISON, AND TIM GRIFFIN

Plaintiff is entitled to immediate partial summary judgment with regard to Defendants Brent Houston, Charles Yeargan, and Richard Chris Madison. Plaintiff contacted opposing counsel for the named defendants on multiple occasions and asked if he had any objections to the substance and timing of this motion and no objections were received, just general opposition for the sake of opposition. Opposing counsel does not dispute that Brent Houston acted in the complete absence of jurisdiction in criminal case 63CR-21-700 (unlawfully sealed by Defendant Tim Griffin to conceal his own criminality). Opposing counsel has referenced a vague argument that Houston may have committed unnamed "grave procedural errors" during his admitted criminal acts against Plaintiff in the aforementioned case, but opposing counsel has not identified any such "errors".

In making this indefensible defense, opposing counsel has fully immersed his client in an argument regarding the facts and merits of this case. To be clear, it is a matter of fact that Defendant Houston acted in the absence of any jurisdiction whatsoever in 63CR-21-700 and Houston has not and does not dispute this fact despite the opportunity to do so. Opposing counsel does not dispute that Defendant Tim Griffin continues to conceal material evidence pertinent to this case by maintaining 63CR-21-700 as unlawfully sealed. Defendant Houston was well-aware the case began without probable cause based on a completely falsified arrest warrant and that it was

1

transferred into his court from district court without disposition and without a bench hearing or hearing of any kind. Attachment A hereto includes information from the Arkansas Administrative Office of Courts indicating exactly why the transfer was unlawful. Plaintiff points out that the state is withholding information regarding their discussions concerning constitutionality of the Harassing Communications statute at issue in the instant appeal (yet more fraudulent concealment).

Likewise, Charles Yeargan acted in complete absence of jurisdiction in unlawfully sealed case 63CR-21-700 and was made fully aware of that fact (*see Attachment A) by the Arkansas Administrative Office of Courts.  Additionally, Defendant Yeargan was unlawfully appointed to the case in violation of Amendment 80 Section 16(D) as he did not reside in a contiguous county to Saline County where the case was unlawfully adjudicated. Again, the jursidictional argument was solidified by the Arkansas Administrative Office of Courts and fully articulated to Defendant Yeargan meaning he knew that both he and Defendant Houston had acted in the absence of all jurisdiction in 63CR-21-700. Defendant Yeargan is a lawless miscreant, and he should not hold a law license much less operate as a judge.

Opposing counsel has also advanced an idiotic argument that Defendant Richard Chris Madison is a prosecutor (he is not and never has been) while also admitting the state understands that Madison is not now nor has he ever been a prosecutor. Opposing counsel has conceded that Defendant Madison initiated criminal charges against Plaintiff that led to 63CR-21-700, that the case was initiated in bad faith without probable cause of any crime, and that it harmed Plaintiff through false imprisonment (*inter alia*), and that the case ended in Plaintiff's favor due to lack of jurisdiction. Defendants have conceded service of process in this matter thus partial summary judgment is proper and will aid in more timely adjudication of this case.

According to Fed. R. Civ. Pro. 56, this motion is timely and the court "shall" enter partial summary judgment if Plaintiff demonstrates there is no dispute as to the material facts detailed

2

herein and he is entitled to summary judgment as a matter of law. Plaintiff swears under penalty of perjury the factual information detailed herein and in previous filings is true to the best of his knowledge. Criminal case 63CR-21-700 was concluded in April 2023, thus the felonious misconduct of both Defendants related to that case is within the statute of limitations. Opposing counsel, Andrew Middlebrooks, threatened Plaintiff with unspecified monetary damages if he were to file this motion seeking relief claiming such a motion was deserving of sanctions for reasons opposing counsel was unable to articulate. This was a clearly unethical, if not illegal, use of the authority of the office of Attorney General of Arkansas as this motion is perfectly within court norms and rules and presents undeniable factual information in support of Plaintiff's claims against named Defendants. Plaintiff points out the dubious nature of an Attorney General who is a Defendant in this case using taxpayer dollars to defend himself from undeniable criminal misconduct.

Plaintiff also points out to the court that credibly accused child rapist Darren Waddles was a state employee until Plaintiff filed this case. Mr. Waddles has been at the center of nearly every criminal case filed against Plaintiff to include 63CR-21-700, and he currently serves as chair of the Republican Committee of Stone County, Arkansas. This child rapist was coddled and enabled by Defendants Brent Houston and Richard Chris Madison (and others), and he has yet to be prosecuted and/or reported to law enforcement by Defendant Tim Griffin or any other mandatory reporters (to include this court). Clearly Defendant Tim Griffin favors child rapists over those that would bring them to justice despite his reticence to do so.

Defendant Yeargan allowed Plaintiff to subpoena Waddles to the witness stand in 63 CR-21-700, but protected Waddles by dismissing him as a witness when Plaintiff began a line of questioning that included the rape/impregnation of a child/student by Waddles who was a teacher at her school at the time of the rape. Defendant Griffin also made an appearance in 63CR-21-700 in

3

Yeargan's court to defend the constitutionality of the state's Harassing Communications law used to maliciously prosecute Plaintiff. However, Attorney General Tim Griffin unlawfully concealed his appearance in that case by falsely indicating the filings were being made by the office of Defendant Chris Walton. The state then acted to conceal certain deliberations of the Arkansas Administrative Office of Courts (Attachment A) related to the constitutional arguments from Plaintiff's Freedom of Information Act request that produced Attachment A hereto. Defendant Tim Griffin coddles and enables child rapists while fraudulently manipulating criminal courts of Arkansas to maliciously prosecute Plaintiff who dared to point out Griffin's obvious lawlessness.

Plaintiff also attaches a motion to dismiss filed in 63CR-21-700 (Attachment B). This is the motion filed October 11, 2022, in the aforementioned case and that is referenced by Defendant Yeargan in Attachment A (Yeargan mistakenly cites paragraph four of the motion when it is actually paragraph three that raises lack of jurisdiction). Clearly Defendant Houston ignored the motion knowing his corruption would rightfully draw the ire of Plaintiff and affect his mental state, which is exactly why Houston violated the law and Plaintiff's civil rights. Defendant Yeargan chose fraud in adjudicating the motion, accepting a bogus legal argument presented esoterically by Defendant Tim Griffin's office to deny the motion despite being informed by the Administrative Office of Courts regarding the appropriate course of action, which was to dismiss the case for lack of jurisdiction.

Note that an attachment to the motion is a letter from now deceased miscreant scofflaw Eric Bray, who threatened Plaintiff with criminal prosecution after Bray (in his duties as then deputy prosecutor) instructed the local Stone County Court Clerk not to **file an amended** notice of appeal in civil case 69CV-20-67. Bray barks at Plaintiff that he should **have corrected** the court record prior to filing an appeal, but Plaintiff had filed no such appeal **and was provided** no opportunity to correct the undeniably fraudulent record. This was completely unethical and unlawful.

4

Bray acted, as have other prosecutors in this matter, in an administrative capacity when he intervened in such a way and other prosecutors/judges did the same when they unlawfully transferred court cases from district to circuit courts without disposition. This action, in addition to others, deprives these individuals of immunity (absolute and/or qualified because they acted unlawfully). Plaintiff also points out to this court the overwhelming evidence that Plaintiff's civil lawsuits directly led to the malicious criminal prosecutions targeting him in an attempt to silence him. Defendants continue to hold Plaintiff in unlawful custody via parole as further punishment for Plaintiff's refusal to cease defending his life and property via litigation wherein Defendants are too corrupt/cowardly to speak on the facts.

The foregoing be true and correct, Plaintiff seeks partial summary judgment of punitive damages against Defendants Houston and Yeargan in the amount of $3,000,000 each, and for an amount of $1,500,000 regarding Defendant Richard Chris Madison (in their personal capacities). Plaintiff seeks a partial summary judgment against Defendant Tim Griffin of $5,000,000 (in his personal capacity). Factual information is undisputed regarding lack of probable cause related to 63CR-21-700 and total lack of jurisdiction of Defendants and miscreant cowards Brent Houston and Charles Yeargan.

Plaintiff reminds the court that Defendant Houston has not denied he acted in complete absence of jurisdiction in 63CR-21-700, he has simply relied on the "absolute immunity" defense provided to other judicial defendants but not to him. Defendant Yeargan is as clueless about court jurisdiction as he is about his own lack of defense in this matter, as evidenced by Attachment A hereto.

***Signature next page*

5

Respectfully submitted,

*Mitchell Wine*

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing was transmitted to the court on June 1, 2026, and will be served upon relevant parties via the court's electronic filing system when uploaded by court staff.

**Lauren Ford**

| | |
|---|---|
| **From:** | Charles Yeargan <judgeyeargan@windstream.net> |
| **Sent:** | Tuesday, April 18, 2023 5:26 PM |
| **To:** | Lauren Ford |
| **Subject:** | Re: Motion to Dismiss |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

If i am reading this correctly, speedy trial has run and I should dismiss?


Charles A. Yeargan
Circuit Judge, Retired



On Apr 18, 2023, at 3:48 PM, Lauren Ford <Lauren.Ford@arcourts.gov> wrote:


Judge,

Good afternoon,

I've attached my calculations regarding the speedy trial issue. Krystal and I are available to discuss this in more depth.

Best wishes,


Lauren Ford
Legal Division Specialist | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
lauren.ford@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.


<Speedy Trial Calculations 4-18-23.docx>
<Speedy Trial Calculations 4-18-23.pdf>

1

Attachment A

**Lauren Ford**

| | |
|---|---|
| **From:** | Charles Yeargan <judgeyeargan@windstream.net> |
| **Sent:** | Wednesday, April 19, 2023 10:14 AM |
| **To:** | Lauren Ford |
| **Subject:** | RE: Motion to Dismiss |

Would now be a good time to call?

Charles A. Yeargan
Circuit Judge, *Retired*
P. O. Box 2040
Glenwood, AR  71943
judgeyeargan@windstream.net
yeargan@windstream.net

Sent from Mail for Windows 10

**From:** Lauren Ford
**Sent:** Tuesday, April 18, 2023 3:48 PM
**To:** judgeyeargan@windstream.net
**Cc:** Krystal A. Mann
**Subject:** Motion to Dismiss

Judge,

Good afternoon,

I've attached my calculations regarding the speedy trial issue. Krystal and I are available to discuss this in more depth.

Best wishes,


Lauren Ford
Legal Division Specialist | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
lauren.ford@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived

1

any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

2

## Lauren Ford

**From:**        Lauren Ford
**Sent:**        Tuesday, April 18, 2023 3:48 PM
**To:**          Charles Yeargan (judgeyeargan@windstream.net)
**Cc:**          Krystal A. Mann
**Subject:**     Motion to Dismiss
**Attachments:** Speedy Trial Calculations 4-18-23.docx; Speedy Trial Calculations 4-18-23.pdf

Judge,

Good afternoon,

I've attached my calculations regarding the speedy trial issue. Krystal and I are available to discuss this in more depth.

Best wishes,

Lauren Ford
**Legal Division Specialist** | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
lauren.ford@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

1

**Important dates for Speedy Trial Purposes:**

January 7, 2022 Pre-Trial and Jury Trial Set

March 10, 2022 Arrest Warrant Issued

March 11, 2022 Motion to Dismiss Charges / Motion Hearing – 305 days Speedy Trial ran based upon earlier motion from prosecution.

March 18, 2022 Updated Response Requested by Court

April 12, 2022 Defendant Arrested on Warrant – Forensic Evaluation Order

April 18, 2022 Pre-Trial Set

June 2, 2022 Jury Trial Set

August 12, 2022 Order

October 17, 2022 Order

October 20, 2022 Forensic Report filed with Court

November 3, 2022 Failure to Appear

November 2, 2023 Arrest Warrant Issued

November 21, 2022 Failure to Appear

February 26, 2023 Arrested

March 1, 2023 Court Appearance / Motions Hearing Set for March 28, 2023

March 27, 2023 State files response to motion to dismiss charges

March 28, 2023 Hearing / Omnibus Hearing Set for May 1, 2023 / Jury Trial Set for May 3, 2023


March 11, 2022 – March 27, 2022

January, 7 2022 – June 2, 2022 = 146 days
Speedy trial tolled due to Covid-19, see 28.3(h)

April 12, 2022 – October 20, 2022 = 191 days
Speedy trial tolled due to forensic evaluation order, see 28.

August 12, 2022 – November 21, 2022 = 102 days
Speedy trial tolled due to joint motions for continuance, see 28.3(c)

November 21, 2022 – February 26, 2023 = 98 days
Speedy trial tolled due to failure to appear, see 28.3(b)

Total days Speedy Trial tolled from March 11, 2022 to February 26, 2022 = 353 days

305 days + 381 days total = 686 days – 353 days Speedy trial tolled = 333 days ran against speedy trial

February 26, 2023 – March 1, 2023 = 4 days

March 1, 2023 – March 28, 2023 = 28 days

March 28, 2023 – April 18, 2023 = 22 days

333 days + 4 days + 28 days = 365 days + 22 days = 387 days ran against speedy trial.

**<u>Important dates for Speedy Trial Purposes:</u>**

**146 days**

January 7, 2022 Pre-Trial and Jury Trial Set

March 10, 2022 Arrest Warrant Issued

March 11, 2022 Motion to Dismiss Charges / Motion Hearing – 305 days Speedy Trial ran based upon earlier motion from prosecution.

March 18, 2022 Updated Response Requested by Court

April 12, 2022 Defendant Arrested on Warrant – Forensic Evaluation Order

April 18, 2022 Pre-Trial Set

June 2, 2022 Jury Trial Set

**191 days**

August 12, 2022 Order

October 17, 2022 Order

**102 days**

October 20, 2022 Forensic Report filed with Court

November 3, 2022 Failure to Appear

November 2, 2023 Arrest Warrant Issued

November 21, 2022 Failure to Appear

**98 days**

February 26, 2023 Arrested

**4 days**

March 1, 2023 Court Appearance / Motions Hearing Set for March 28, 2023

**28 days**

March 27, 2023 State files response to motion to dismiss charges

March 28, 2023 Hearing / Omnibus Hearing Set for May 1, 2023 / Jury Trial Set for May 3, 2023

March 11, 2022 – March 27, 2022

January, 7 2022 – June 2, 2022 = 146 days
Speedy trial tolled due to Covid-19, see 28.3(h)

April 12, 2022 – October 20, 2022 = 191 days
Speedy trial tolled due to forensic evaluation order, see 28.

August 12, 2022 – November 21, 2022 = 102 days
Speedy trial tolled due to joint motions for continuance, see 28.3(c)

November 21, 2022 – February 26, 2023 = 98 days
Speedy trial tolled due to failure to appear, see 28.3(b)

Total days Speedy Trial tolled from March 11, 2022 to February 26, 2022 = 353 days

305 days + 381 days total = 686 days – 353 days Speedy trial tolled = 333 days ran against speedy trial

February 26, 2023 – March 1, 2023 = 4 days

March 1, 2023 – March 28, 2023 = 28 days

March 28, 2023 – April 18, 2023 = 22 days

333 days + 4 days + 28 days = 365 days + 22 days = 387 days ran against speedy trial.

**Lauren Ford**

| | |
|---|---|
| **From:** | Lauren Ford |
| **Sent:** | Wednesday, April 19, 2023 10:15 AM |
| **To:** | Charles Yeargan |
| **Subject:** | RE: Motion to Dismiss |

Judge,

Yes, now would be a good time to call. My number is ██████████

Best,

Lauren Ford
Legal Division Specialist | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
lauren.ford@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

**From:** Charles Yeargan <judgeyeargan@windstream.net>
**Sent:** Wednesday, April 19, 2023 10:14 AM
**To:** Lauren Ford <Lauren.Ford@arcourts.gov>
**Subject:** RE: Motion to Dismiss

Would now be a good time to call?

Charles A. Yeargan
Circuit Judge, *Retired*
P. O. Box 2040
Glenwood, AR 71943
judgeyeargan@windstream.net
yeargan@windstream.net

1

Sent from Mail for Windows 10

**From:** Lauren Ford
**Sent:** Tuesday, April 18, 2023 3:48 PM
**To:** judgeyeargan@windstream.net
**Cc:** Krystal A. Mann
**Subject:** Motion to Dismiss

Judge,

Good afternoon,

I've attached my calculations regarding the speedy trial issue. Krystal and I are available to discuss this in more depth.

Best wishes,


Lauren Ford
Legal Division Specialist | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
lauren.ford@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

**Kristin J. Clark**

**From:**     Judge Yeargan <judgeyeargan@windstream.net>
**Sent:**     Thursday, March 23, 2023 5:58 PM
**To:**       Kristin J. Clark
**Subject:**  Re: Legal Research

My thoughts as well.

Sent from my iPhone

> On Mar 23, 2023, at 5:26 PM, Kristin J. Clark <Kristin.Clark@arcourts.gov> wrote:

I did notice that but also noticed that the case appeared to be transferred to circuit court at the request of his attorney. Don't think he can have it both ways.

Kristin Clark
Legal Services Division Director | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
kristin.clark@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

---

**From:** Charles Yeargan <judgeyeargan@windstream.net>
**Sent:** Thursday, March 23, 2023 5:20:58 PM
**To:** Laura L. Calhoun <Laura.Calhoun@arcourts.gov>
**Cc:** Kristin J. Clark <Kristin.Clark@arcourts.gov>; Krystal A. Mann <Krystal.Mann@arcourts.gov>
**Subject:** Re: Legal Research

This is very good and I appreciate all the hard work you and Kristin and Krystal have done to assist me. Did you all notice that defendant mentioned in his motion to dismiss filed Oct. 11, 2022, paragraph 4 that the District court lacks jurisdiction to transfer?

Charles A. Yeargan
Circuit Judge, Retired

1

On Mar 23, 2023, at 4:12 PM, Laura L. Calhoun <Laura.Calhoun@arcourts.gov> wrote:

Judge Yeargan,

I have attached the cases referenced in Kristin's outline. This includes the *State v. J.B. and State v. Roberts* cases as I believe they are important to review when deciding this issue. I've also attached *Davis v. State* and *Swint v. State* because they are the cases cited in the prosecutor's brief.

Please let me know if you need anything else.

Thanks!

Laura

**Laura L. Calhoun**
**Staff Attorney | Administrative Office of the Courts**
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
laura.calhoun@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

**From:** Kristin J. Clark <Kristin.Clark@arcourts.gov>
**Sent:** Thursday, March 23, 2023 4:04 PM
**To:** judgeyeargan@windstream.net
**Cc:** Laura L. Calhoun <Laura.Calhoun@arcourts.gov>; Krystal A. Mann <Krystal.Mann@arcourts.gov>
**Subject:** Legal Research

Judge Yeargan,

I've attached the outline to the legal research we discussed earlier today. This includes copies of the relevant sections from Amendment 80, the code, and the rules of criminal procedure. Laura will forward copies of the cases to you shortly.

*Kristin*

**Kristin Clark**
**Legal Services Division Director | Administrative Office of the Courts**
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
kristin.clark@arcourts.gov | https://www.arcourts.gov/

2

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

**Analysis**

1.    The prosecutor has discretion to determine where a charge will be filed.

2.    Harassing communications under §5-71-209 is a Class A Misdemeanor.

3.    The circuit court and the district court have concurrent jurisdiction of misdemeanors.  See Amendment 80, §6 and §7.  See also §16-88-101 Jurisdiction of courts for certain offenses generally.

4.    Prosecutor elected to file charges in the district court.

5.    There is no authority to "transfer" a criminal case from district court to the circuit court even if the defendant requests a jury trial.

References to the "transfer" of a criminal case from the district court to the circuit court in appellate cases such as Swint v. State, 356 Ark. 361 (2004) and Davis v. State, 81 Ark. App. 17 (2003) only appears in dicta.  Neither of these cases provide authority for or stand for the proposition that the "transfer" of a criminal case from district court to circuit court is permissible or required.

Even if the prosecutor and defendant agree to transfer a case, it would not be appropriate because it provides a means to jury trial by that is contrary to the constitution and current statutory framework.  A criminal defendant in a district court has an adequate remedy to protect his statutory and constitutional right to a trial by jury.  The remedy is to appeal the decision of the district court to the circuit court where the case is tried de novo and the defendant is entitled to a jury trial.

There is no entitlement to a jury trial in a [district court], but the right remains inviolate when an appeal is pursued to a circuit court where the case is tried de novo.  See Edwards v. City of Conway, 300 Ark. 135, (1989).  When a conviction is appealed from a [district court] to a circuit court, the case is tried de novo, and the appellant is entitled to a trial by jury.  See Weaver v. State, 296 Ark. 152, (1988); Johnston v. City of Pine Bluff, 258 Ark. 346, (1975).  The purpose of the trial de novo is to conduct a trial as though there had been no trial in the lower court.  Bussey v. State, 315 Ark. 292, (1993).

The United States Supreme Court, in Ludwig v. Massachusetts, 427 U.S. 618, (1976), held such a "two-tier" system [like the court system in Arkansas] to be compatible with the Fourteenth Amendment.

In State v. Roberts, 321 Ark. 31 (1995), the Arkansas Supreme Court agreed with the holding in Ludwig v. Massachusetts, the burden placed upon the right [to trial by jury] by requiring a proceeding in a [district court] is not impermissible.  We have no quarrel with the conclusion that a criminal defendant has a right to be tried by a jury, but as we and the General Assembly have made clear, the inviolability of that right is sufficiently protected by the right to take the case to a circuit court.  Persons summoned before a [district court] have an adequate remedy to protect their statutory and constitutional right to a trial by jury.

6.      The circuit court did not acquire jurisdiction when the case was "transferred." There is no authority for the circuit court to "transfer" the case back to district court. Therefore, the circuit court case should be dismissed.

In State v. J.B., 309 Ark. 70 (1992), the Arkansas Supreme Court stated that there was no statutory authority for a transfer from juvenile court to [district court] and that remand of this case to juvenile court with directions to transfer to municipal court would be a futile act, since the juvenile court was without authority to take any action in this case. Because the juvenile court had no jurisdiction, and because there was no statutory authority for the transfer requested, the Supreme Court denied the State's request for a remand and transfer.

7.      A circuit court only acquires jurisdiction of a criminal case from a district court when the case is appealed pursuant to Ark. R. Crim. P. 36.

## Authority

**Constitution of the State of Arkansas of 1874**
**Amendments to the Constitution of Arkansas of 1874**
**Amendment 80**

### §6. Circuit courts.

(A) Circuit Courts are established as the trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution.

(B) Subject to the superintending control of the Supreme Court, the Judges of a Circuit Court may divide that Circuit Court into subject matter divisions, and any Circuit Judge within the Circuit may sit in any division.

(C) Circuit Judges may temporarily exchange circuits by joint order. Any Circuit Judge who consents may be assigned to another circuit for temporary service under rules adopted by the Supreme Court.

(D) The Circuit Courts shall hold their sessions in each county at such times and places as are, or may be, prescribed by law.

### §7. District courts.

(A) District Courts are established as the trial courts of limited jurisdiction as to amount and subject matter, subject to the right of appeal to Circuit Courts for a trial de novo.

(B) The jurisdictional amount and the subject matter of civil cases that may be heard in the District Courts shall be established by Supreme Court rule. District Courts shall have original jurisdiction, concurrent with Circuit Courts, of misdemeanors, and shall also have such other criminal jurisdiction as may be provided pursuant to Section 10 of this Amendment.

(C) There shall be at least one District Court in each county. If there is only one District Court in a county, it shall have county-wide jurisdiction. Fines and penalties received by the district court shall continue to be distributed in the manner provided by current law, unless and until the General Assembly shall establish a new method of distribution.

(D) A District Judge may serve in one or more counties. Subject to the superintending control of the Supreme Court, the Judges of a District Court may divide that District Court into subject matter divisions, and any District Judge within the district may sit in any division.

(E) District Judges may temporarily exchange districts by joint order. Any District Judge who consents may be assigned to another district for temporary service under rules adopted by the Supreme Court.

**§16-88-101. Jurisdiction of courts for certain offenses generally.**

(a) The jurisdiction of the various courts of this state for the trial of offenses shall be as follows:

(1) The Senate shall have exclusive jurisdiction of impeachment;

(2) The Supreme Court shall have general supervision and control over all inferior courts in criminal cases;

(3) The circuit court shall have original jurisdiction, exclusive of the district court, for the trial of offenses defined as felonies by state law and shall have original jurisdiction concurrent with the district court for the trial of offenses defined as misdemeanors by state law; and

(4) The district court shall have original jurisdiction, exclusive of the circuit court, for the trial of violations of ordinances of any town, city, or county within the territorial jurisdiction of the district court and shall have original jurisdiction concurrent with the circuit court for the trial of offenses defined as misdemeanors and violations by state law and committed within the territorial jurisdiction of the district court.

(b) Where an indictment is found in the circuit court for an offense within its jurisdiction, the circuit court shall have jurisdiction of all the degrees of the offense and of all the offenses included in the one (1) charge, although some of those degrees or included offenses are within the exclusive jurisdiction of the district court.

(c) A district court may issue arrest warrants and search warrants and may perform other pretrial functions, as authorized by the Arkansas Rules of Criminal Procedure, in the prosecution of a person for an offense within the exclusive jurisdiction of the circuit court.

**RULE 36. Appeals from District Court to Circuit Court**

(a) Right to Appeal. A person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. The state shall have no right of appeal from a judgment of a district court.

(b) Time for Taking Appeal. An appeal from a district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment in the district court. The 30-day period is not extended by the filing of a post-trial motion under Rule 33.3.

(c) How Taken. An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(d) Failure of clerk to file record. If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

(e) Bond. When an appeal is taken from a district court to circuit court, the district court may require the defendant to post a bond or other security to guarantee the appearance of the defendant before the circuit court, provided that an appearance bond originally posted with the district court to guarantee the appearance of the defendant before that

court shall serve to guarantee the appearance of the defendant before the circuit court on appeal. The approval of the bond or other security to guarantee the appearance of the defendant before the circuit court shall stay the imposition of the judgment imposed by the district court. The clerk of the district court shall transmit any bond or other security to the circuit court. The failure of the defendant to post a bond or other security with the district court shall not prevent the circuit court from acquiring jurisdiction of the appeal. After acquiring jurisdiction of the appeal, the circuit court may modify the bond or other security.

(f) Notice. When the record of the proceeding in the district court is filed in the office of the circuit clerk, the circuit clerk shall promptly give written notice thereof to the prosecuting attorney and to the circuit judge to whom the appeal is assigned.

(g) Trial De Novo. An appeal from a judgment of conviction in a district court shall be tried de novo in the circuit court as if no judgment had been rendered in the district court.

(h) Default Judgment. The circuit court may affirm the judgment of the district court if (i) the defendant fails to appear in circuit court when the case is set for trial; or (ii) the clerk of the district court fails to prepare and certify a record for filing in the circuit court as provided in subsection (c) of this rule and the defendant fails to move the circuit court for an order to compel the filing of the record within thirty (30) days after filing the affidavit provided in subsection (d) of this rule.

(i) District Court Without Clerk. If a district court has no clerk, any reference in this rule to the clerk of a district court shall be deemed to refer to the judge of the district court.

## Kristin J. Clark

**From:** Kristin J. Clark
**Sent:** Thursday, March 23, 2023 9:02 AM
**To:** Laura L. Calhoun
**Subject:** RE: Research Project

Another issue:

1. Could the parties waive subject matter jurisdiction to permit the transfer from district court to circuit court?

*Kristin*

Kristin Clark
Legal Services Division Director | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
kristin.clark@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

**From:** Kristin J. Clark
**Sent:** Thursday, March 23, 2023 8:24 AM
**To:** Laura L. Calhoun <Laura.Calhoun@arcourts.gov>
**Subject:** Research Project

Laura,

Take a look at 63CR-21-700 and familiarize yourself with the pleadings. As for the argument regarding the transfer, the 3/21/23 filing titled "State's Response Concerning Transfer from District Court to Circuit Court" is probably the best place to start.

Initial issues:

1. Can a case be transferred from district court to circuit court? If so, under what circumstances?
2. Can the district court trial be skipped if a defendant demands a jury trial?
3. Can a district court determine the constitutionality of a state statute?
4. What is the proper process to challenge the constitutionality of a state statute? See 16-111-111 regarding notice to the AG.

Call me after you've had a chance to digest.

*Kristin*

1

**Kristin Clark**
**Legal Services Division Director** | Administrative Office of the Courts
625 Marshall St. | Little Rock, AR 72201
Office: 501-682-9400 | Fax: 501-682-9410
kristin.clark@arcourts.gov | https://www.arcourts.gov/

Confidentiality Notice: The information contained in this email message and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this email is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.

2

**State v. J.B., 309 Ark. 70 (1992)**

827 S.W.2d 144

309 Ark. 70
Supreme Court of Arkansas.

STATE of Arkansas, Appellant,

v.

J.B., Appellee.

No. 91–309.
|
March 30, 1992.

**Synopsis**

Juvenile was charged with driving while intoxicated. The Circuit-Chancery Court, Chicot County, Samuel M. Bird, J., dismissed charge based on denial of juvenile's speedy trial rights and denied state's request to transfer case from juvenile court to municipal court. State appealed. The Supreme Court, Brown, J., held that: (1) driving while intoxicated was traffic offense with jurisdiction resting in municipal court, rather than juvenile court, and thus, juvenile court had no subject matter jurisdiction, even though state tacitly assented to transfer to juvenile court; (2) juvenile's speedy trial claim was not addressed on its merits since claim was not appropriately before Supreme Court from court of competent jurisdiction; and (3) state was not entitled to remand and transfer of case to municipal court absent statutory authority for such transfer.

Error certified.

Procedural Posture(s): On Appeal.

West Headnotes (5)

**[1]** **Automobiles** ☛ Jurisdiction and venue
**Infants** ☛ Nature of crime or offense
Driving while intoxicated charge was traffic offense with jurisdiction resting in municipal court, rather than juvenile court, and thus, juvenile court was devoid of subject matter jurisdiction over case, even though state tacitly assented to transfer to juvenile court. A.C.A. § 9–27–303(11).

**[2]** **Courts** ☛ Of cause of action or subject-matter

Subject matter jurisdiction cannot be conferred by consent of parties.

3 Cases that cite this headnote

**[3]** **Courts** ☛ Acts and proceedings without jurisdiction
Actions taken by court without jurisdiction are null and void.

2 Cases that cite this headnote

**[4]** **Infants** ☛ Mode of review; jurisdiction and transfer thereof
Merits of juvenile's speedy trial claim with respect to driving while intoxicated charge were not considered on appeal from juvenile court, where issue was not appropriately before Supreme Court since juvenile court lacked subject matter jurisdiction over case. Rules Crim.Proc., Rules 28.1, 28.3; A.C.A. § 9–27–303(11).

1 Case that cites this headnote

**[5]** **Courts** ☛ Courts from and to which transfer may be made
**Infants** ☛ Remand in general
State was not entitled to remand and transfer of driving while intoxicated prosecution of juvenile from juvenile court to municipal court absent any statutory authority for such transfer; remand to juvenile court with directions to transfer to municipal court would be futile act since juvenile court was without authority to take any action in case. A.C.A. § 16–13–401; Rules Civ.Proc., Rule 18(b).

**Attorneys and Law Firms**

**\*\*145  \*71**  Clint Miller, Asst. Atty. Gen., Little Rock, for appellant.

Thomas Deen, Dermott, for appellee.

**WESTLAW**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**State v. J.B., 309 Ark. 70 (1992)**

827 S.W.2d 144

## Opinion

BROWN, Justice.

The State appeals a dismissal of a first offense DWI charge relating to the appellee, J.B., and asserts error because the juvenile court lacked subject matter jurisdiction to dismiss the charge on speedy trial grounds. We agree with the State and certify that the dismissal was error under Ark.R.Crim.P. 36.10. We deny the State's collateral request that the case be transferred from juvenile court to municipal court.

The facts are these. On December 17, 1989, J.B. was ticketed for driving while intoxicated and for his involvement in a traffic accident. J.B. at the time was seventeen. On March 22, 1990, he moved to transfer the case from the Lake Village Municipal Court to the juvenile division of Chicot County Chancery court. The motion was granted without objection from the state. The case then languished in juvenile court until June 6, 1991, when J.B. moved to dismiss the charge based on a denial of his speedy trial rights under Ark.R.Crim.P. 28.1. The State countered that the period between March 22, 1990, when J.B.'s case was transferred to juvenile court, and June 6, 1991, when the motion to dismiss was made, was excludable under Ark.R.Crim.P. 28.3 due to lack of jurisdiction in juvenile court.

On August 7, 1991, the trial court denied the State's transfer motion and dismissed the charge for failure to provide a speedy *72 trial with an absolute bar to further prosecution. The State now requests that this court void the dismissal due to lack of jurisdiction in the juvenile court and remand with directions to transfer to municipal court.

[1]    This case turns on the jurisdictional point, which is whether the juvenile court has jurisdiction to hear DWI cases. The answer to that question is clear. The Juvenile Code defines a delinquent juvenile as "any juvenile ten (10) years or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state." Ark.Code Ann. § 9–27–303(11) (Supp.1989). There is no doubt that DWI is a traffic offense with jurisdiction resting in municipal court rather than juvenile court. *See Robinson v. Sutterfield,* 302 Ark. 7, 786 S.W.2d 572 (1990).

[2]    [3]    Accordingly, the State is correct that the juvenile court was devoid of subject matter jurisdiction over this case. This is so even though the state tacitly assented to the transfer to juvenile court, since subject matter jurisdiction cannot be conferred by consent of the parties. *See Hargis v. Hargis,* 292 Ark. 487, 731 S.W.2d 198 (1987); *Venhaus v. Hale,* 281 Ark. 390, 663 S.W.2d 930 (1984). The State is further correct that actions taken by a court without jurisdiction are null and void. *See Redding v. State,* 293 Ark. 411, 738 S.W.2d 410 (1987); *Bailey v. State,* 284 Ark. 379, 682 S.W.2d 734, *cert. denied,* 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 158 (1985).

[4]    J.B. makes the argument that the State should not be permitted to sit idly by and assent to a transfer of jurisdiction to a court that has no authority to act and then take advantage of that situation by arguing that the absence of jurisdiction renders the period of time in that court excludable for speedy trial purposes. The argument may have some merit. Suffice it to say, however, that we do not reach the speedy trial issue because it is not appropriately before us from a court of competent jurisdiction.

[5]    **146 We further decline to transfer the case to municipal court, as the state requests. Certain transfers between courts on jurisdictional grounds are authorized by statute. For example, transfers between courts of law and equity are specifically *73 authorized by statute and by rule when appropriate grounds exist. *See* Ark.Code Ann. § 16–13–401 (1987); Ark.R.Civ.P. 18(b). There is no statutory authority for a transfer from juvenile court to municipal court. Remand of this case to juvenile court with directions to transfer to municipal court would be a futile act, since the juvenile court is without authority to take any action in this case.

We hold, therefore, that the juvenile court has no authority to act in this case and that the court's order is void due to lack of subject matter jurisdiction. Because the juvenile court has no jurisdiction, and because there is no statutory authority for the transfer requested, we deny the State's request for a remand and transfer.

Error Certified.

## All Citations

309 Ark. 70, 827 S.W.2d 144

**State v. J.B., 309 Ark. 70 (1992)**

827 S.W.2d 144

**End of Document**　　　　　　　　　　　　© 2023 Thomson Reuters. No claim to original U.S. Government Works.

State v. Roberts, 321 Ark. 31 (1995)

900 S.W.2d 175

321 Ark. 31

Supreme Court of Arkansas.

STATE of Arkansas, Appellant,

v.

Laura ROBERTS and Shirley Hudson, Appellees.

No. 95–137.

|

June 12, 1995.

**Synopsis**

Defendants in municipal court prosecution petitioned for writ of mandamus, alleging that requiring them to participate in municipal court proceeding without a jury before obtaining access to jury in circuit court violated State Constitution. The Circuit Court, Carroll County, Terry Crabtree, J., granted petition, and state appealed. The Supreme Court, Newbern, J., held that defendants were not entitled to jury trial at municipal court level.

Reversed and remanded.

**Procedural Posture(s): On Appeal.**

West Headnotes (3)

[1]    **Mandamus** ⟜ Existence and Adequacy of Other Remedy in General

**Mandamus** ⟜ Nature and Existence of Rights to Be Protected or Enforced

Party seeking writ of mandamus must show specific legal right and absence of any other adequate remedy.

2 Cases that cite this headnote

[2]    **Mandamus** ⟜ Nature and Existence of Rights to Be Protected or Enforced

Mandamus writ enforces performance of legal right after it has been established but may not be used to establish right; it is remedy to be used when law has established no specific remedy and justice requires it.

2 Cases that cite this headnote

[3]    **Jury** ⟜ Courts in Which Trial by Jury Is Required

**Jury** ⟜ Rights of Action and Procedure in Civil Cases

There is no entitlement to jury trial in municipal court, but right to jury trial remains inviolate and is sufficiently protected by right to appeal municipal court conviction to circuit court where case is tried de novo and defendant is entitled to trial by jury. Const. Art. 2, §§ 7, 10; Art. 7, § 1; A.C.A. § 16–17–703.

10 Cases that cite this headnote

**Attorneys and Law Firms**

**175    *32** Clint Miller, Deputy Atty. Gen., Little Rock, for appellant.

No brief filed for appellee.

**Opinion**

NEWBERN, Justice.

As the result of a police roadblock in Carroll County, Laura Roberts was cited for underage driving under the influence of alcohol, a violation punishable only by fine. Ark.Code Ann. § 5–65–303 (Repl.1993). Shirley Hudson was cited for driving while intoxicated, which is a misdemeanor unless it is the fourth or subsequent offense, in which case it is a felony. Ark.Code Ann. §§ 5–1–107(a)(3) and 5–65–111 (Repl.1993). There is no indication in the record that Ms. Hudson's citation was for a fourth or subsequent offense.

*33 Ms. Roberts and Ms. Hudson were summoned to appear in the Eureka Springs Municipal Court. After Ms. Roberts was convicted and before Ms. Hudson was tried, they petitioned the Carroll Circuit Court for an injunction and writs of prohibition and mandamus. In their petition, Ms. Roberts and Ms. Hudson contended they had a right to trial by jury in the first instance, and that it was a violation of the United States Constitution and the Arkansas Constitution to require them to participate in a municipal court proceeding without a jury.

Ms. Roberts and Ms. Hudson acknowledged in their petition their right to appeal any decision of the municipal court

in their cases to the Circuit Court and their right to a jury trial there. They also acknowledged that the United States Supreme Court, in *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), had held such a "two-tier" system to be compatible with the Fourteenth Amendment. They argued, however, that Ark. Const. art. 2, § 7, stating that the right to a trial by jury shall "remain inviolate," and art. 2, § 10, which provides for the jury trial right in all criminal prosecutions, impose requirements in excess of those found in the Fourteenth Amendment and that they are violated by the requirement of participation in a municipal court proceeding without a jury before obtaining access to a jury in a circuit court.

The request for an injunction was withdrawn. Although the Circuit Court remarked at the hearing on the petition that prohibition would be appropriate in the case of Ms. Hudson because she had not been **176 tried, the order ultimately entered did not prohibit her trial.

The State has appealed, contending that prohibition, in general, was inappropriate for a number of reasons. We need not discuss the argument made on prohibition, however, in view of the fact that the Circuit Court's order constituted a writ of prohibition only to the extent it prohibited municipal courts within its jurisdiction from requiring appeal bonds, and the State does not appeal from that portion of the order.

The State also argues that mandamus was improperly granted by the Circuit Court, and we agree. The State objects to the following portion of the order:

> Therefore, the municipal courts of this jurisdiction shall *34 make known to each criminal defendant appearing before them that the right to a jury trial is guaranteed under our Constitution. The judge of each municipal court shall inquire of each criminal defendant if he or she wishes to have a jury trial. If the individual wishes a jury trial the municipal court shall transfer the case to Circuit Court for arraignment and further proceedings.

[1] [2] A party seeking a writ of mandamus must show a specific legal right and the absence of any other adequate remedy. *Hicks v. Gravett*, 312 Ark. 407, 849 S.W.2d 946 (1993). A mandamus writ enforces the performance of a legal right after it has been established but may not be used to establish a right. *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989); *Springdale Bd. of Educ. v. Bowman*, 294 Ark. 66, 740 S.W.2d 909 (1987). Mandamus is a remedy to be used when the law has established no specific remedy and justice and good government require it. *Lee v. McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992); *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989).

The mandamus writ in this case was used by the Circuit Court to establish a method of protecting the right to a trial by jury different from that chosen by the General Assembly. According to Ark. Const. art. 7, § 1, "The General Assembly may ... vest such jurisdiction as may be deemed necessary in municipal corporation courts." The General Assembly granted jurisdiction of misdemeanors to municipal courts in Ark.Code Ann. § 16–17–704 (Repl.1994). As to the issue of jury trials in municipal courts, Ark.Code Ann. § 16–17–703 (Repl.1994) states:

> There shall be no jury trials in municipal court. In order that the right of trial by jury remains inviolate, all appeals from judgment in municipal court shall be de novo to circuit court.

[3] There is thus no entitlement to a jury trial in a municipal court, but the right remains inviolate when an appeal is pursued to a circuit court where the case is tried *de novo. See Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). When a conviction is appealed from a municipal court to a circuit court, the case is tried *de novo,* and the appellant is entitled to a trial by jury. *See* *35 *Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988); *Johnston v. City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). The purpose of the trial *de novo* is to conduct a trial as though there had been no trial in the lower court. *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993).

No matter how laudable his intention, it was simply unnecessary for the Circuit Court to institute a means contrary

State v. Roberts, 321 Ark. 31 (1995)

900 S.W.2d 175

to the present statutory scheme to protect the right to jury trial. The underpinnings of the order were that the proceeding which must occur in a municipal court prior to that in a circuit court where a jury is available places an impermissible burden on the right to a jury trial and that a criminal defendant has the right to decide whether to be tried by a jury. We agree with the holding in *Ludwig v. Massachusetts, supra,* that the burden placed upon the right by requiring a proceeding in a municipal court is not impermissible. We have no quarrel with the conclusion that a criminal defendant has a right to be tried by a jury, but as we and the General Assembly have made clear, the inviolability of that right is sufficiently protected by the right to take the case to a circuit court. Persons summoned before a municipal court have an adequate remedy to protect their statutory **177 and constitutional right to a trial by jury, thus mandamus does not lie.

Reversed and Remanded.

**All Citations**

321 Ark. 31, 900 S.W.2d 175

---

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Davis v. State, 81 Ark. App. 17 (2003)
97 S.W.3d 921

KeyCite Yellow Flag - Negative Treatment
Distinguished by Moten v. State, Ark.App., June 1, 2011

81 Ark. App. 17
Court of Appeals of Arkansas,
Division I.

Howard DAVIS
v.
STATE of Arkansas.

No. CA CR 02–564.
|
Feb. 12, 2003.

**Synopsis**
Defendant was convicted in Rockport City Court for driving while intoxicated (DWI), and for failing to dim lights, and he appealed. The Circuit Court, Hot Spring County, John W. Cole, J., found defendant not guilty of failing to dim lights, but guilty of DWI charge. Defendant appealed. The Court of Appeals, Sam Bird, J., held that defendant was deprived of his constitutional right to trial by jury.

Reversed and remanded.

West Headnotes (4)

**[1]    Jury** ⬅ **Form and sufficiency**
Defendant, who was convicted of driving while intoxicated (DWI), was deprived of his constitutional right to trial by jury; record contained no evidence that defendant was informed by trial court of his right to be tried by jury, or that he executed knowing, voluntary waiver of right to be tried by jury. U.S.C.A. Const.Amend. 6; Const. Art. 2, § 7; Rules Crim.Proc., Rules 31.1, 31.2.

5 Cases that cite this headnote

**[2]    Jury** ⬅ **Necessity for demand in criminal prosecutions**
A criminal defendant bears no burden of demanding a trial by jury under state constitution and law; this assures that jury-trial right is not

forfeited by inaction on part of defendant, and contemporaneous objection rule is inapplicable to this circumstance. U.S.C.A. Const.Amend. 6; Const. Art. 2, § 7; Rules Crim.Proc., Rules 31.1, 31.2.

3 Cases that cite this headnote

**[3]    Jury** ⬅ **Form and sufficiency**
It is a trial court's burden to ensure that, if there is a waiver of right to trial by jury, defendant waives right in accordance with state Rules of Criminal Procedure. U.S.C.A. Const.Amend. 6; Const. Art. 2, § 7; Rules Crim.Proc., Rules 31.1, 31.2.

6 Cases that cite this headnote

**[4]    Attorneys and Legal Services** ⬅ **Duty to obey or observe standards in general**
**Jury** ⬅ **Criminal Prosecutions**
While a defendant in a criminal case shall be afforded the right to a jury trial in every instance, it does not follow that an attorney representing such a defendant is relieved of the responsibilities imposed upon him or her by the Model Rules of Professional Conduct. U.S.C.A. Const.Amend. 6; Const. Art. 2, § 7; Rules Crim.Proc., Rules 31.1, 31.2.

1 Case that cites this headnote

**Attorneys and Law Firms**

**\*\*921  \*19** Phyllis J. Lemons, Malvern, for appellant.

Mark Pryor, Att'y Gen., by: Katherine Adams, Ass't Att'y Gen., for appellee.

**Opinion**

SAM BIRD, Judge.

Howard Davis was convicted in Rockport City Court for driving while intoxicated, second offense, and for failing to dim lights. He appealed to the Hot Spring County Circuit Court and was tried without a jury. The trial judge found him not guilty of failing to dim lights but found him guilty of the

**Davis v. State, 81 Ark. App. 17 (2003)**

97 S.W.3d 921

DWI charge. Davis was sentenced to seven days in jail and a fine of $1,135, his driver's license was suspended for six months, and he was ordered to **\*\*922** attend driver-safety school and AA meetings. On appeal Davis contends that the trial court deprived him of his right to a jury trial; the State concedes error. We reverse and remand for a new trial.

The following colloquy occurred at the beginning of Davis's trial in the Hot Spring County Circuit Court.

> THE COURT: All right. Are y'all going to work on a plea agreement or are you ready to try it?
>
> MR. WALTHALL (PROSECUTOR): I thought we were here to try it. Am I right?
>
> MS. LEMONS (DEFENSE COUNSEL): Yeah.
>
> THE COURT: Everyone who is going to testify then, raise your right hands.
>
> *(All witnesses were sworn by the Court.)*
>
> THE COURT: Have a seat at the counsel table. Mr. Walthall, you may call your first witness.

[1]   The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right to a trial by **\*20** jury. The right of trial by jury is also preserved by Ark. Const. art. 2, § 10, which states that the right remains inviolate and extends to all cases at law. Article 2, section 7, of the Arkansas Constitution further directs that a jury trial may be waived by the parties in all cases in the manner prescribed by law.

[2]   [3]   A criminal defendant bears no burden of demanding a trial by jury under our constitution and law. *Calnan v. State,* 310 Ark. 744, 841 S.W.2d 593 (1992), quoting *Elmore v. State,* 305 Ark. 426, 809 S.W.2d 370 (1991) (holding that there was "no need for Elmore to demand or move for a trial by jury, much less obtain a ruling on the issue"). This assures that the jury-trial right is not forfeited by inaction on the part of a defendant, and the contemporaneous objection rule is inapplicable to this circumstance. *Id.* It is the trial court's burden to ensure that if there is a waiver of the right to trial by jury, the defendant waives the right in accordance with the Arkansas Rules of Criminal Procedure. *Grinning v. City of Pine Bluff,* 322 Ark. 45, 907 S.W.2d 690 (1995); *Maxwell v. State,* 73 Ark.App. 45, 41 S.W.3d 402 (2001). Although there are no jury trials in municipal court, all appeals from

judgments in municipal court are *de novo* to circuit court in order that the right of trial by jury remains inviolate. Ark.Code Ann. § 16–17–703 (Repl.1999).

Rule 31.1 of the Arkansas Rules of Criminal Procedure states that a defendant in a criminal case may not waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court. Additionally, Rule 31.2 specifies the following:

*Waiver of trial by jury: personal request.*

> Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

Pursuant to the constitution and these two rules, a defendant is entitled to be tried by a jury without even making a motion: this **\*21** holding is the common-sense reading of the constitution and the rules of criminal procedure. *Winkle v. State,* 310 Ark. 713, 841 S.W.2d 589 (1992). In *Reaser v. State,* 47 Ark.App. 7, 883 S.W.2d 851 (1994), we voiced our concern that the holdings in **\*\*923** *Calnan* and *Winkle* could lead to an abuse of the criminal-justice system, noting that this construction of the Arkansas Constitution and Rules of Criminal Procedure could encourage a defendant to sit silently through a non-jury trial, wait to see if he might obtain a favorable decision, and only raise the jury-trial issue later if the non-jury trial resulted in a conviction. In *Reaser* we stopped short of holding that such an abuse had occurred, concluding that the judicial system perhaps must pay this price to ensure that a defendant is not deprived of the fundamental constitutional right to trial by jury.

[4]   Again, in the case at bar, we are concerned about what may be abuse of the criminal justice system. While a defendant in a criminal case shall be afforded the right to a jury trial in every instance, it does not follow that an attorney representing such a defendant is relieved of the responsibilities imposed upon him or her by the Model Rules of Professional Conduct. For example, Rule 3.3 requires lawyers to be candid toward the tribunal. A comment to that rule provides, in part, that "[t]here are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation." Commentary, Model R. Prof'l Conduct

**Davis v. State, 81 Ark. App. 17 (2003)**

97 S.W.3d 921

3.3. Rule 3.1 prohibits lawyers from bringing or defending a claim unless there is a non-frivolous basis for doing so. While a lawyer has a duty to use legal procedure to the fullest benefit of his client, the lawyer also has a duty "not to abuse legal procedure." Commentary, Model R. Prof'l Conduct 3.1.

In *Reaser,* when the court inquired whether the parties were ready for trial, defense counsel informed the court that his client desired a jury trial, but the court denied the request because counsel had failed to notify the court forty-eight hours before the trial, as required by a written notice that the court had earlier provided to defense counsel. In the present case, however, when the court inquired as to whether the parties were ready for trial, defense *22 counsel simply replied, "Yeah," making no mention of her client's desire for or right to a jury trial.

Counsel's simple statement to the trial court that her client desired a jury trial would have saved the time devoted to the non-jury trial by the trial court, prosecuting attorney, defense counsel, witnesses, and court reporter; the time devoted by the court reporter to the preparation of an appeal transcript, and the expense related thereto; the time and expense of defense counsel to abstract the record and prepare a brief;[1] the time and expense of the attorney general's office to respond; the time expended by deputy clerks of this court who received and filed all the documents; and the time devoted by three judges of this court to read the briefs and prepare an opinion on an issue so well settled that the State concedes error.

Of course, we are not permitted to assume that defense counsel knew, when the trial judge inquired if the parties were ready for trial, that her client wanted a jury trial.[2] Consequently, as in *Reaser,* we refrain from concluding that defense counsel in this case has abused the system. On the other hand, if counsel did know of her client's desire for a jury trial, we wonder how her failure to so advise the court does **924 not violate the lawyer's responsibility to exercise candor toward the court and to refrain from abusing legal procedure as required by the Model Rules of Professional Conduct.

Nonetheless, our supreme court has made it abundantly clear that it is the duty of the trial court either to afford the defendant the right to a jury trial whether the defendant demands it or not, or to ensure that the defendant has properly waived this right. As the record contains no evidence that Davis was informed by the court of his right to be tried by a jury, or that he executed a knowing, voluntary, and intelligent waiver of this right, we hold *23 that he was deprived of his constitutional right to trial by jury. We therefore reverse and remand for a new trial.

Reversed and remanded.

VAUGHT and BAKER, JJ., agree.

**All Citations**

81 Ark. App. 17, 97 S.W.3d 921

## Footnotes

1      The record indicates that defense counsel is court appointed. Consequently, all the expense related to this appeal, including attorney fees, is borne by the State.

2      It is possible that appellant's desire for a jury trial developed and was communicated to his counsel only after his conviction and sentencing at the bench trial.

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Swint v. State, 356 Ark. 361 (2004)

152 S.W.3d 226

KeyCite Yellow Flag - Negative Treatment
Distinguished by   Wright v. City of Little Rock,   Ark.,   April 13, 2006

356 Ark. 361
Supreme Court of Arkansas.

Jan Dawson SWINT
v.
STATE of Arkansas.

No. CR 03–379.
|
March 4, 2004.

**Synopsis**
**Background:** Defendant was convicted, after a jury trial in the Circuit Court, Garland County, Edward T. Smitherman, J., of fourth-offense driving while intoxicated (DWI). Defendant appealed.

**[Holding:]** The Supreme Court, Jim Hannah, J., held that defendant's prior conviction in district court for DWI could serve as predicate prior DWI conviction in prosecution for fourth-offense DWI, though at time of prosecution for fourth-offense DWI, defendant's conviction in district court was on appeal for trial de novo in circuit court.

Affirmed.

West Headnotes (4)

**[1]      Automobiles ⬤ Repeat Offenders**
Defendant's prior conviction in district court for driving while intoxicated (DWI) could serve as predicate prior DWI conviction, in prosecution for fourth-offense DWI, though at time of prosecution for fourth-offense DWI defendant's conviction in district court was on appeal for trial de novo in circuit court; conviction in district court was valid judgment unless and until it was overturned in a higher court. West's A.C.A. § 5–65–111(b)(3)(A).

1 Case that cites this headnote

**[2]      Jury ⬤ Other Particular Proceedings**
The right to a jury trial where a criminal action is tried in the district court is preserved by the right to appeal to the circuit court where the matter may be tried de novo with a jury. West's A.C.A. § 16–17–703.

1 Case that cites this headnote

**[3]      Jury ⬤ Other Particular Proceedings**
Where a criminal defendant is charged in a district court, he or she may demand a jury trial and have the case transferred to circuit court where a jury will be provided.

1 Case that cites this headnote

**[4]      Criminal Law ⬤ Points and Authorities**
Where an appellant fails to provide a convincing argument or authority, the issue will not be considered on appeal unless it is apparent without further research that it is well taken.

1 Case that cites this headnote

**Attorneys and Law Firms**

**\*\*226   \*362**   Richard Grasby, Little Rock, for appellant.

Mike Beebe, Att'y Gen., by: Brent P. Gasper, Ass't Att'y Gen., Little Rock, for appellee.

**Opinion**

JIM HANNAH, Justice.

Jan Dawson Swint appeals her conviction and sentence of five years in prison and $1000 dollar fine for fourth-offense DWI. Swint argues that her conviction of fourth-offense DWI was in error because a district court DWI conviction that is on appeal to the circuit court may not serve as one of the four DWI offenses under Ark.Code Ann. § 5–65–111(b)(3)(A) (Supp.2003). She notes that an appeal from a conviction in district court is tried *de novo* in the circuit court. Thus, she

argues that because she appealed the district court conviction, it is not yet an offense as defined under Ark.Code Ann. § 5–65–111. She also argues that the trial court abused its discretion in admitting prior non-DWI felony convictions into evidence at sentencing. We do not find merit in either claim. A conviction in district court is a valid judgment until a superior court overturns it. Therefore, until overturned, a district court DWI conviction serves as an offense **227 under Ark.Code Ann. § 5–65–111. With respect to prior felony convictions, Swint offers no convincing argument or authority for her position that the convictions were not admissible and that she was prejudiced by their admission. We have jurisdiction of this case pursuant to Ark. Sup.Ct. R. 1–2(b)(1)(2003).

*363 *Facts*

Deputy Neil Parliament spotted Swint driving erratically at about 2:35 a.m. in Garland County on May 15, 2002. Parliament pulled Swint over and arrested her for DWI based on his observations and her failure of a field sobriety test. Swint registered .15% on the breathalyzer. She was charged with fourth-offense DWI and tried on December 4, 2002. Evidence was introduced at trial that Swint had three prior DWI offenses and that she had prior felony drug convictions. The jury convicted Swint of fourth-offense DWI. She was sentenced to five years in prison and a $1000 fine. One of the DWI offenses admitted was a conviction from Cabot District Court that was then on appeal to the Lonoke Circuit Court.

*District Court DWI Conviction*

[1] Swint states that the question posed in this case is "whether there is a conviction in Cabot District Court." Swint asserts that the judgment of DWI in the Cabot District Court may not be counted as one of four DWI convictions in support of enhanced penalties for multiple offense DWI under Ark.Code Ann. § 5–65–111(2003) because it is not a final conviction. In support of this argument, Swint notes that an appeal to circuit court is tried *de novo* as if there had been no trial in the district court.

[2] [3] Swint argues first that to hold that a conviction from district court suffices to stand as a conviction under Ark.Code Ann. § 5–65–111 would "greatly impair" the right to a jury trial. We note at the outset that the right to a jury trial is inviolate. Arkansas Code Annotated Section 16–17–

703 provides the right to jury trial on appeal to the circuit court and states:

> There shall be no jury trials in district court. In order that the right of trial by jury remains inviolate, all appeals from judgment in district court shall be de novo to circuit court.

Ark.Code Ann. § 16–17–703 (Supp.2003). The right to a jury trial where a criminal action is tried in the district court is preserved by the right to appeal to the circuit court where the matter may be tried *de novo* with a jury. We discussed this in *State v. Roberts*, 321 Ark. 31, 900 S.W.2d 175 (1995) where we stated:

> The General Assembly granted jurisdiction of misdemeanors to municipal courts in Ark.Code Ann. § 16–17–704 (Repl.1994). As *364 to the issue of jury trials in municipal courts, Ark.Code Ann. § 16–17–703 (Repl.1994) states:
>
> > There shall be no jury trials in municipal court. In order that the right of trial by jury remains inviolate, all appeals from judgment in municipal court shall be de novo to circuit court.
>
> There is thus no entitlement to a jury trial in a municipal court, but the right remains inviolate when an appeal is pursued to a circuit court where the case is tried *de novo. See Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). When a conviction is appealed from a municipal court to a circuit court, the case is tried de novo, and the appellant is entitled to a trial by jury. *See Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988); *Johnston v. City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). The purpose of the trial de novo is to conduct a trial as though there had **228 been no trial in the lower court. *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993).

*Roberts*, 321 Ark. at 34–5, 900 S.W.2d 175. *See also* State v. Webb, 323 Ark. 80, 913 S.W.2d 259 (1996). Thus, where a criminal defendant is tried in district court, he or she may appeal to the circuit court and obtain a jury trial in that forum. We also note that where a criminal defendant is charged in a district court, he or she may demand a jury trial and have the case transferred to circuit court where a jury will be provided. *See, e.g., Davis v. State*, 291 Ark. 191, 723 S.W.2d

Swint v. State, 356 Ark. 361 (2004)
152 S.W.3d 226

366 (1987). Swint's right to a jury trial was not impaired by her trial in district court. We further note that Swint waived her right to a jury trial in her appeal of the district court judgment. Swint next argues that her conviction in district court may not constitute an offense to support her conviction for fourth-offense DWI under Ark.Code Ann. § 5–65–111(b)(3)(A)(Supp.2003) because it is to be tried *de novo* in circuit court. A conviction in district court is appealed to the circuit court where it is tried *de novo* as though there had been no trial in the district court. *Bussey v. State,* 315 Ark. 292, 867 S.W.2d 433 (1993).

However, even though the matter is tried *de novo* in circuit court the appeal by trial *de novo* does not affect the validity of the judgment of the district court until the district court judgment is overturned. As Swint admits in her brief, the procedure in circuit court is an appeal even though the matter is tried *de novo.*

Arkansas Code Annotated Section 16–19–1105 (Repl.1999) refers to the judgment of a justice of the peace court being tried on appeal to the circuit court. Section 16–19–1105 provides that a case *365 appealed from the justice of the peace court is tried anew on its merits in circuit court. This court has stated that Ark.Code Ann. § 16–19–1105 applies to municipal courts as well. *Bussey, supra.* Under Amendment 80, municipal courts are now district courts.

The judgment of the inferior court remains valid on appeal to the circuit court. *See Sosebee v. County Line Sch. Dist.,* 320 Ark. 412, 897 S.W.2d 556 (1995); *Burgess v. Poole,* 45 Ark. 373 (1885); *Wilson v. C & M Used Cars,* 46 Ark.App. 281, 878 S.W.2d 427 (1994). Section 16–19–1105 dates from Act 135 of 1873. This court in *Burgess, supra,* stated of a judgment of the justice of the peace court that "[w]hether dismissed or not, the judgment of the justice stands until it is set aside by a superior court. The grant of appeal did not impair it." *Burgess,* 45 Ark. at 375. In *Burgess,* this court also noted that the record did not show what became of a first appeal, and noted that whether the appeal was dismissed by motion or for want of prosecution, the effect was the same. The judgment of the justice of the peace was left in "full force." *Burgess,* 45 Ark. at 375, (citing *Ashley v. Brasil,* 1 Ark. 144 (1838)). *See also Brenard Mfg. Co. v. Pate,* 178 Ark. 163, 10 S.W.2d 489 (1928) and *Sample v. Manning,* 168

Ark. 122, 269 S.W. 55 (1925) which cited *Burgess* for the proposition that a judgment of an inferior court stands until set aside by a superior court. Thus, the judgment of the district court stands until overturned by a superior court and was a valid DWI offense to be used under Ark.Code Ann. § 5–65–111(b)(3).

*Non–DWI Prior Felony Convictions*

Swint also argues that the trial court abused its discretion in allowing the admission of evidence of prior felony convictions for attempt to produce methamphetamine and possession of drug paraphernalia with intent to manufacture. Evidence of the felonies was admitted in the penalty phase **229 of the trial. Swint was cross-examined by the State regarding these offenses.

Swint was sentenced to five years in prison and a fine of $1000. For a fourth-offense DWI, the law permitted a sentence of one to six years in prison. Ark.Code Ann. § 5–65–111 (Supp.2003). Arkansas Code Annotated § 5–65–113 (Repl.1997) provides for a fine of $900 to $5000 for a third or subsequent DWI offense within three years. Thus, Swint's sentence was not in excess of that allowed by the statutory provisions. A defendant *366 who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. *Buckley v. State,* 349 Ark. 53, 76 S.W.3d 825 (2002).

[4]    Swint argues, however, that she suffered prejudice because the only basis the jury used to decide on a sentence of five years was the prior felony convictions. Swint asserts that the facts of this case, that the jury was only in the deliberation room for fifteen minutes, that Swint only registered .15 on the breathalyzer, and that there was no evidence that Swint was uncooperative or caused an accident, is proof that the jury based its sentencing decision on the drug felonies. Swint provides no cite to authority for her position on admissibility of the drug convictions. Convincing argument is not provided. Where an appellant fails to provide a convincing argument or authority, the issue will not be considered on appeal unless it is apparent without further research that it is well taken. *Weatherford v. State,* 352 Ark. 324, 101 S.W.3d 227 (2003). The conviction and sentence were within the statutory limitations and are affirmed.

**Swint v. State, 356 Ark. 361 (2004)**

152 S.W.3d 226

**All Citations**

356 Ark. 361, 152 S.W.3d 226

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

# IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
## THIRD DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

vs.                    Case No.: 63CR-21-700

MITCHELL WINE                                        DEFENDANT

## MOTION TO DISMISS CHARGES AND REQUEST FOR MOTION HEARING

Defendant, Mitchell Wine, submits this motion to dismiss charges in this case and requests a motion hearing at the next court date of October 17, 2022, to discuss this motion, the motion to dismiss based on constitutional grounds filed December 14, 2021, and the bill of particulars filed by the state in this matter. Defendant avers as follows:

1.    Defendant affirmatively pleads he was not in Saline County on September 24, 2020, nor any other date during the months of August and September 2020, when the falsely alleged crimes were supposedly committed.

2.    Defendant did not send any electronic communications to Saline County during August 2020.

Attachment B

3.    This court lacks jurisdiction in accordance with A.C.A. 16-88-105(b) and (c); Defendant invokes sub-statute (c) because the District Court lacked jurisdiction to transfer this case to circuit court for territorial and factual reasons, to include non-service of a falsified arrest warrant/citation.

4.    Electronic communications transmitted to Pulaski County by Defendant related to this case are not criminal in nature and the bill of particulars filed by the state is silent on the nature of the communications because they have no case thus the bill of particulars is insufficient.

5.    New medical evidence indicates beyond the shadow of any doubt that Defendant does not suffer from "delusions" or "paranoia" as falsely averred by this court on a public docket, and that Dr. Rachel Fazio committed fraud/malpractice when she proclaimed Defendant suffered from "delusions" which she later admitted she cannot articulate in writing.

6.    Defendant asserts his speedy trial rights were violated as a direct result of Dr. Fazio's malpractice and this court's reliance on her testimony to punish Defendant.

7.    This court violated Defendant's civil rights in sentencing Defendant to incarceration for eight days without bond while the jail knowingly and willfully withheld medical treatment and blood pressure medication that harmed defendant and placed his life at risk.

8.    Defendant continues to aver the instant proceeding is a malicious prosecution to thwart Defendant's ability to seek damages related to civil lawsuits he has filed against Plaintiff regarding a December 14, 2017, armed home invasion at Defendant's private residence by Plaintiff law enforcement without a warrant or probable cause of any crime.

9.    Defendant is seeking redacted documents being withheld by Plaintiff related to the unlawful home invasion in this proceeding and other proceedings before state and federal courts.

10.    Defendant attaches a letter from Plaintiff Deputy Prosecuting Attorney Eric Bray threatening criminal action based on falsely alleged and unconstitutional "harassing communications" if Defendant did not cease his attempts to civilly litigate alleged victim in the instant proceeding, Chris Madison, in case 69CV-20-67.

11.    In the letter, the prosecuting attorney informs Defendant that, "I'm certain that your frustration with the civil legal system will pale in comparison to the criminal justice system".

12.    This is a direct admission by the Plaintiff they use malicious criminal prosecution to cease civil litigation against their personnel and the instant proceeding is merely another example of that very fact.

13.    The Plaintiff clearly ordered Defendant through attorney Bray

3

not to file any further materials seeking appellate review of a lower court case involving Chris Madison where Madison has committed Class C felony perjury.

14.    Plaintiff indicated through prosecuting attorney Eric Bray that the state would use "harassment" as a reason to obtain a warrant for Defendant's arrest if he did not cease his civil litigation against Madison, who is a corrupt state government lawyer.

15.    The instant proceeding, again, exactly mirrors what prosecuting attorney Bray articulated clearly in his letter which is that Defendant will be criminally prosecuted for "harassment" if he continues to civilly litigate Plaintiff regarding Chris Madison's admitted criminal activity, as well as other criminal activity by Plaintiff that harmed Defendant's life and property.

16.    This is further proof that Plaintiff uses unconstitutional "harassing communications" to initiate malicious prosecutions against those that dares to bring criminal allegations against them in courts of law, just as they have done in the instant proceeding.

17.    The aforementioned being true and correct, Defendant requests dismissal of all charges in this matter and requests a motion hearing

4

regarding facts herein on October 17, 2022, when a court review is already scheduled.

Respectfully submitted,

Mitchell Wine
101 Newnata Cutoff
Mountain View, AR 72560
501-350-7663
mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing will be transmitted to appropriate attorneys of record when uploaded into the eFlex electronic filing system. It was mailed to the court on October 7, 2022.

5



**ERIC HANCE**
Prosecuting
Attorney
P.O. Box 4050
Batesville, AR 72503
(870) 793-8825
Fax (870) 793-8870

**ERIC BRAY**
Deputy Prosecuting
Attorney
P.O. Box 887
Melbourne, AR 72556
(870) 368-3644
Fax (870) 368-5511
braylaw25@gmail.com

## OFFICE OF THE PROSECUTING ATTORNEY

### Sixteenth Judicial Circuit

January 7, 2022

Mr. Mitch Wine
101 Newnata Cuttoff Rd.
Mt. View, AR  72560

RE:   Mitchel Wine regarding case No. 69CV-20-67

Dear Mr. Wine:

I have reviewed the submitted Second Notice of Appeal as well as your correspondence to the Clerk from December and early January.  The Clerk has correctly not filed the submitted Second Notice of Appeal.  I have instructed her to only do so if ordered by a Judge.  Your case is closed and your appeal was dismissed.  You are held to the same rules as an attorney.   You should have corrected the record prior to your appeal. You may file another action asking for relief from appropriate parties, but there will be no further filings in this matter unless so ordered.

A bigger issue is the tone and aggressiveness of your emails to the Clerk.  I consider them harassing.  If you continue, I will be seeking a warrant for harassment. I'm certain that your frustration with the civil legal system will pale in comparison to the criminal justice system.

I will be forwarding a copy of this letter to the clerk.  Please send any further correspondence directly to my attention.

Sincerely,

Eric Bray
Deputy Prosecuting Attorney