**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**


**MITCHELL WINE**                                                                          **PLAINTIFF**


**v.**                                 **CASE NO. 4:26-cv-00051-KGB**


**U.S. DEPARTMENT OF
THE INTERIOR,** *et al.*                                                         **DEFENDANTS**

_____

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE OR IN THE ALTERNATIVE STAY PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGEMENT**
_____

COME NOW State Defendants, the State of Arkansas, Sarah Sanders, Tim Griffin, Dexter Payne, John Crisman, Chris Walton, Brian Clary, Jay Shue, Jill Kamps, Latonya Honorable, Butch Hale, Brent Houston, Charles Yeargan, Wayne Gruber, Kathryn Irby, Will Jones, Richard Madison, and Jana Pinkston, by and through their attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Andrew Middlebrooks, and for their Brief in Support of Defendants' Motion to Strike or, in the Alternative, Stay Plaintiff's Motion for Partial Summary Judgement state:

## I.     INTRODUCTION

In his latest filing, Mitchell Wine asks for partial summary judgement against State Defendants Judge Brent Houston and Richard Madison. Doc. No. 23. Wine's motion violates the local rules, cites to no case law whatsoever, and is heavily based on insults, and imaginary admissions. Wine also includes some documents that he appears to argue are enough to overcome judicial immunity. *Id*. at 7–47. He is incorrect.

## II.   ARGUMENT

**A.   This Court should strike Wine's Motion for Partial Summary Judgement because it does not comply with the local rules.**

Under Federal Rule of Civil Procedure 12(f), the court may, on its own or on motion made by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts have liberal discretion when deciding to strike a pleading. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

### a.   *Wine's motion violates Local Rule 7.2(a) and 56.1.*

Under Eastern District of Arkansas Court Rule 56.1, "[any] party moving for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." Local Rule 56.1(a).

Wine does not attach a statement of material facts and has not followed Local Rule 56.1. Local Rule 7.2(a) also required Wine to file a separate motion and brief. Wine also failed to do that. Wine's failure to follow the Court's rules is reason enough to strike his Complaint. District courts have considerable discretion when enforcing local rules. *R.A.D. Services LLC v. State Farm Fire & Casualty Company*, 60 F.4th 408, 412 (8th Cir. 2023). The Eighth Circuit has repeatedly held that striking pleadings that violate local rules is not an abuse of discretion. *Id*.

### b.   *Plaintiff's Motion for Partial Summary Judgement is premature.*

"As a general rule, summary judgement is proper 'only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999); *see also Palmer v. Tracor, Inc.*, 856 F.2d 1131, 1133 (8th Cir. 1988)

(holding that summary judgement is only proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

While Rule 56 does not explicitly prevent a summary judgement motion to be filed at the commencement of an action, "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56(b) (advisory committee's note to 2010 amendment). *See e.g.*, *Lewis v. Carswell*, No. 5:15-CV-00254-DPM-BD, 2016 WL 235222, at *1 (E.D. Ark. Jan. 5, 2016) (holding that summary judgement is premature when parties have not begun or are still engaged in discovery); *Peoples Bank v. Federal Reserve Bank of San Francisco*, 58 F. Supp. 25 (N.D. Cal. Nov. 17, 1944) (granting defendant's motion to strike where the plaintiff's countermotion for summary judgment was premature because the defendant had not filed an answer).

Wine does not understand when a motion for summary judgement would be appropriate or what he needed to include, because his claims are consistently dismissed at the beginning of the lawsuit. Wine assumes that because Defendants did not dispute his factual allegations in their motion to dismiss that Defendants agree that the facts alleged in his Complaint are true. That is not how motions to dismiss work. The parties are required to treat the well pled factual allegations as true for a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009).

In the unlikely event that any of Wine's claims survive a motion to dismiss, they will be heavily disputed. Wine would know this if the parties had engaged in any discovery whatsoever, which they have not. Because of this, Wine has not filed depositions, answers to interrogatories, admissions, or affidavits to show that there is no genuine issue of material fact. Accordingly,

because no Answer has been filed and discovery has not begun, Wine's motion for partial summary judgement is premature and should be stricken from the pleadings.

It is also in the interest of judicial economy to strike Wine's motion for partial summary judgment. Defendants have moved to dismiss for several reasons and have asked the Court to sever all of Wine's unrelated claims. Until that motion is resolved, it is not clear which, if any of Wine's claims will be allowed to proceed. Litigating claims are likely to be dismissed or at least severed into a different lawsuit is a waste of this Court's resources and the parties' time. Even if it were not a waste of time, all the State Defendants have raised immunity defenses. Sovereign, judicial, prosecutorial, and qualified immunity are all immunity from suit, not just damages. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") Until those immunities are resolved Defendants are not even subject to discovery yet, and summary judgment is premature until the parties have engaged in discovery as explained above. *Harlow v. Fitzgerald,* 457 U.S. 800, 818–819 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.")

**B.    In the alternative, this Court should stay Defendants' response to Wine's Motion for Partial Summary Judgement**

District courts have broad authority to issue stays, where it would be a proper exercise of discretion. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Wine has failed to demonstrate that he is entitled to summary judgment. His exhibits to his partial motion for summary judgment only reflect that the judges were acting within their judicial capacity to determine whether they had jurisdiction over the case. And again, as explained in their motion to dismiss, even if the judges made serious mistakes in determining whether they had jurisdiction to hear Wine's criminal cases, they would still be entitled to

judicial immunity, because immunity extends even to "grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978).

Defendants have not even filed an answer yet, the Court has not issued a scheduling order, and discovery has not begun. Because Wine has moved for summary judgment without showing he is entitled to it and the lawsuit is at its earliest stages, a judgement in favor of either party on a Motion for Summary Judgement would be premature and improper. *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.,* 687 F.3d 1045, 1049 (8th Cir.2012) ("As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'") Accordingly, this Court should stay Defendants' response to Wine's Motion for Partial Summary Judgement until this Court rules on the pending motions to dismiss and the parties would have an opportunity to engage in discovery. A stay is proper to protect the State Defendants' immunity and to provide an opportunity to meaningfully respond to the motion for summary judgment after discovery has been completed.

### III.    CONCLUSION

Wine's Motion for Partial Judgement is premature and fails to comply with Eastern District of Arkansas Local Rules 7.2 and 56.1. Accordingly, State Defendants respectfully request that this Court strike Wine's Motion for Partial Summary Judgement, or in the alternative, request Defendants' response to Wine's Motion for Partial Summary Judgement be stayed until after the Court rules on the motions to dismiss and allows the parties to engage in discovery.

WHEREFORE, State Defendants respectfully request that this Court strike Wine's Motion for Partial Summary Judgement and stay Defendants' response to Wine's Motion for Partial Summary Judgement until this Court sets a dispositive motion deadline that allows the

Court to rule on the pending motions to dismiss and the parties to participate in discovery. If the Court is not willing to strike Wine's motion or stay Defendants response, they respectfully request an opportunity to respond to the motion.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:    Andrew Middlebrooks
       Ark Bar No. 2017057
       Senior Assistant Attorney General
       Office of Arkansas Attorney General
       101 West Capitol Avenue
       Little Rock, AR 72201
       Phone: (501) 503-4334
       Fax:    (501) 682-2591
       Email: andrew.middlebrooks@arkansasag.gov

       *Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

I, Andrew Middlebrooks, hereby certify that on June 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560

Andrew Middlebrooks